# PD-0654-15



## Bexar County Public Defender's Office

Paul Elizondo Tower ♦ 101 W. Nueva St., Suite 310 ♦ San Antonio, TX 78205
Phone: (210) 335-0701 ♦ Fax: (210) 335-0707

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAY 29 2015

Abel Acosta, Clerk

May 6, 2015

Mr. Mark Anthony Garcia
TDCJ# 01891224
Garza West Transfer Facility
4250 HWY 202
Beeville, TX 78102

FILED IN
COURT OF CRIMINAL APPEALS

MAY 29 2015

Abel Acosta, Clerk

Re:  *Mark Anthony Garcia v. State of Texas*
      Appeal No. 04-13-00818-CR
      Trial Court No. 2009-CR-2731A

Dear Mr. Garcia:

The Fourth Court of Appeals issued its opinion in your case on **May 6, 2015**. The Court of Appeals affirmed the judgment of the trial court. This means that your conviction and sentence will stand. I believe that the opinion of the Court of Appeals is legally valid. I was appointed to represent you at the court of appeals level only. If you want to pursue your appeal further, you will have to do so on your own, or with another attorney. The rest of this letter explains your options.

Motion for Rehearing: You may file a motion for rehearing with the Fourth Court of Appeals if you believe that there are legal grounds for a rehearing. If you decide to file a motion for rehearing, one original and one copy of the motion must be filed with the Clerk of the Fourth Court of Appeals within 15 days after the date of the opinion, that is, no later than **May 21, 2015**. If the Court of Appeals denies your motion for rehearing, you will then have 30 days to file a petition for discretionary review with the Court of Criminal Appeals of Texas.

Petition for Discretionary Review: You can skip filing the motion for rehearing and file a petition for discretionary review directly with the Court of Criminal Appeals. The petition is called "discretionary" because the Court of Criminal Appeals is free to refuse the petition, or grant it and hear the case, for any reason they choose. Texas Rule of Appellate Procedure 66.3 sets forth a list of reasons why the Court might grant review. In my opinion, none of those reasons apply to your case. Because I believe that a petition for discretionary review would be frivolous, I will not file one for you.

If you decide to file your own petition for discretionary review, you will have to file the original plus 11 copies of the petition with: Abel Acosta, the Clerk of the Court of Criminal Appeals of Texas, P.O. Box 12308, Austin, Texas 78711. The petition must be filed within 30 days after the Court of Appeals rendered its judgment. Since the judgment was rendered on **May 6, 2015**, the 30-day deadline will be **June 5, 2015**. A copy of the petition must also be served on the Bexar County District Attorney's Office, Appellate Division, Paul Elizondo Tower, 101 W. Nueva St. Suite 710, San Antonio, Texas 78205. Yet another copy of the petition must be sent to the State Prosecuting Attorney, Lisa C. McMinn, P.O. Box 13046, Austin, Texas 78211.

I have enclosed a copy of the judgment and opinion of the Fourth Court of Appeals. I have also enclosed a copy of Rules 66-69 of the Texas Rules of Appellate Procedure. Those rules set out the requirements for filing a petition for discretionary review. You should review them before deciding to file your own petition.

Do nothing at all: You don't have to do anything at all. This is your third option. If you don't do anything, a document called the "mandate" will be issued by the Court of Appeals in about 90 days. Your conviction and sentence will then become final.

Separate and apart from your appellate rights, you may also apply for a writ of *habeas corpus*. Again, you will have to hire another attorney or file the writ application on your own. If you decide to file a writ application, you will have to wait until the Court of Appeals issues the mandate and the judgment becomes final. I will send you a copy of the mandate when I receive it.

With this letter, I am closing out your file, other than to send you a copy of the mandate. I wish you well.

Sincerely,

RICHARD B. DULANY, JR.
Attorney at Law

Certified Mail – Return Receipt Requested
Article No. 7012 1640 0002 4217 9963

Enclosures:    Opinion (copy)
               TRAP 66-69

## 64.1. Time for Filing

A motion for rehearing may be filed with the Supreme Court clerk within 15 days from the date when the Court renders judgment or makes an order disposing of a petition for review. In exceptional cases, if justice requires, the Court may shorten the time within which the motion may be filed or even deny the right to file it altogether.

## 64.2. Contents

The motion must specify the points relied on for the rehearing.

## 64.3. Response and Decision

No response to a motion for rehearing need be filed unless the Court so requests. A motion will not be granted unless a response has been filed or requested by the Court. But in exceptional cases, if justice so requires, the Court may deny the right to file a response and act on a motion any time after it is filed.

## 64.4. Second Motion

The Court will not consider a second motion for rehearing unless the Court modifies its judgment, vacates its judgment and renders a new judgment, or issues a different opinion.

## 64.5. Extensions of Time

The Court may extend the time to file a motion for rehearing in the Supreme Court, if a motion complying with Rule 10.5(b) is filed with the Court no later than 15 days after the last date for filing a motion for rehearing.

## 64.6. Length of Motion and Response

A motion or response must be no longer than 15 pages.

### Notes and Comments

Comment to 1997 change: This is former Rule 190. The service and notice provisions of former subdivisions (b) and (c) are deleted. *See* Rule 9.5. Other changes are made.

Comment to 2008 change: Subdivision 64.4 is amended to reflect the Court's practice of considering a second motion for rehearing after modifying its judgment or opinion in response to a prior motion for rehearing. When the Court modifies its opinion without modifying its judgment, the Court will ordinarily deny a second motion for rehearing unless the new opinion is substantially different from the original opinion.

### Rule 65. Enforcement of Judgment after Mandate

## 65.1. Statement of Costs

The Supreme Court clerk will prepare, and send to the clerk to whom the mandate is directed, a statement of costs showing:

(a)  the costs that were incurred in the Supreme Court, with a notation of those items that have been paid and those that are owing; and

(b)  the party or parties against whom costs have been adjudged.

## 65.2. Enforcement of Judgment

If the Supreme Court renders judgment, the trial court need not make any further order. Upon receiving the Supreme Court's mandate, the trial court clerk must proceed to enforce the judgment of the Supreme Court's as in any other case. Appellate court costs must be included with the trial court costs in any process to enforce the judgment. If all or part of the costs are collected, the trial court clerk must immediately remit to the appellate court clerk any amount due to that clerk.

### Notes and Comments

Comment to 1997 change: Subdivision 65.1 is new. Subdivision 65.2 is from former Rule 183.

### SECTION FIVE: PROCEEDINGS IN THE COURT OF CRIMINAL APPEALS

### Rule 66. Discretionary Review in General

## 66.1. With or Without Petition

The Court of Criminal Appeals may review a court of appeals' decision in a criminal case on its own initiative under Rule 67 or on the petition of a party under Rule 68.

## 66.2. Not a Matter of Right

Discretionary review by the Court of Criminal Appeals is not a matter of right, but of the Court's discretion.

## 66.3. Reasons for Granting Review

While neither controlling nor fully measuring the Court of Criminal Appeals' discretion, the following will be considered by the Court in deciding whether to grant discretionary review:

(a) *First Petition.* The petition must be filed within 30 days after either the day the court of appeals' judgment was rendered or the day the last timely motion for rehearing or timely motion for en banc reconsideration was overruled by the court of appeals.

(b) *Subsequent Petition.* Even if the time specified in (a) has expired, a party who otherwise may file a petition may do so within 10 days after the timely filing of another party's petition.

(c) *Extension of Time.* The Court of Criminal Appeals may extend the time to file a petition for discretionary review if a party files a motion complying with Rule 10.5(b) no later than 15 days after the last day for filing the petition. The Court of Criminal Appeals may extend the time to file a response or reply if a party files a motion complying with Rule 10.5(b) either before or after the response or reply is due.

### Notes and Comments

Comment to 2011 change: The amendment to Rule 68.2(a) resolves timely filing questions concerning motions for en banc reconsideration by including those motions in calculating time to file.

### 68.3. Where to File Petition

(a) The petition and all copies of the petition must be filed with the clerk of the Court of Criminal Appeals.

(b) Petition Filed in Court of Appeals. If a petition is mistakenly filed in the court of appeals, the petition is deemed to have been filed the same day with the clerk of the Court of Criminal Appeals, and the court of appeals clerk must immediately send the petition to the clerk of the Court of Criminal Appeals.

### Notes and Comments

Comment to 2011 change: Rule 68.3 is changed to require petitions for discretionary review to be filed in the Court of Criminal Appeals rather than in the court of appeals. With the deletion of Rule 50, there is no reason to file petitions in the court of appeals. Rule 68.3(b) is added to address and prevent the untimely filing of petitions for discretionary review that are incorrectly filed in the court of appeals rather than in the Court of Criminal Appeals.

### 68.4. Contents of Petition

A petition for discretionary review must be as brief as possible. It must be addressed to the "Court of Criminal Appeals of Texas" and must state the name of the party or parties applying for review. The petition must contain the following items:

(a) *Table of Contents.* The petition must include a table of contents with references to the pages of the petition. The table of contents must indicate the subject matter of each ground or question presented for review.

(b) *Index of Authorities.* The petition must include an index of authorities arranged alphabetically and indicating the pages of the petition where the authorities are cited.

(c) *Statement Regarding Oral Argument.* The petition must include a short statement of why oral argument would be helpful, or a statement that oral argument is waived. If a reply or cross-petition is filed, it likewise must include a statement of why oral argument should or should not be heard.

(d) *Statement of the Case.* The petition must state briefly the nature of the case. This statement should seldom exceed half a page. The details of the case should be reserved and stated with the pertinent grounds or questions.

(e) *Statement of Procedural History.* The petition must state:

  (1) the date any opinion of the court of appeals was handed down, or the date of any order of the court of appeals disposing of the case without an opinion;

  (2) the date any motion for rehearing was filed (or a statement that none was filed); and

  (3) the date the motion for rehearing was overruled or otherwise disposed of.

(f) *Grounds for Review.* The petition must state briefly, without argument, the grounds on which the petition is based. The grounds must be separately numbered. If the petitioner has access to the record, the petitioner must (after each ground) refer to the page of the record where the matter complained of is found. Instead of listing grounds for review, the petition may contain the questions presented for review, expressed in the terms and circumstances of the case but without unnecessary detail. The statement of questions should be short and concise, not argumentative or repetitious.

(g) *Argument.* The petition must contain a direct and concise argument, with supporting authorities, amplifying the reasons for granting review. *See* Rule



# Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00818-CR

Mark Anthony **GARCIA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 437th Judicial District Court, Bexar County, Texas
Trial Court No. 2009CR2731A
Honorable Lori I. Valenzuela, Judge Presiding

Opinion by:   Patricia O. Alvarez, Justice

Sitting:   Rebeca C. Martinez, Justice
           Patricia O. Alvarez, Justice
           Luz Elena D. Chapa, Justice

Delivered and Filed:   May 6, 2015

AFFIRMED AS MODIFIED

Appellant Mark Anthony Garcia was charged by indictment with one count of murder. The jury returned a guilty verdict and assessed punishment at twenty-years' confinement in the Institutional Division of the Texas Department of Criminal Justice. On appeal, Garcia contends (1) he was denied effective assistance of counsel and (2) the trial court erred in assessing attorney's fees. We modify the judgment to delete the assessment of attorney's fees and affirm the trial court's judgment as modified.

the result of the proceeding would have been different.'" *Id.* at 158 (footnote omitted) (quoting *Strickland*, 466 U.S. at 694).

"An appellate court looks to the totality of the representation and the particular circumstances of each case in evaluating the effectiveness of counsel." *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). "There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." *Id.* (citing *Strickland*, 466 U.S. at 689). Therefore, Garcia "'must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.'" *Ex parte Moore*, 395 S.W.3d at 157 (quoting *Strickland*, 466 U.S. at 689).

**B.     Arguments of the Parties**

Garcia contends that by asking the question, trial counsel unintentionally opened the door to otherwise inadmissible extraneous offense evidence. Such testimony could only lead the jury to see Garcia as a "drug-crazed, remorseless killer, instead of a good guy who was just trying to stop a tragedy."

The State counters that a single, inarticulate question—asked during an otherwise vigorous representation and well above the objective professional standard of reasonableness—cannot amount to ineffective assistance of counsel.

**C.     Ineffective Assistance of Counsel**

"A substantial risk of failure accompanies an appellant's claim of ineffective assistance of counsel on direct appeal." *Thompson*, 9 S.W.3d at 813. "In the majority of instances, the record on direct appeal is simply undeveloped and cannot adequately reflect the failings of trial counsel." *Id.* at 813–14. "[T]rial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003); *accord Menefield*, 363 S.W.3d at 593. An "appellate court should not find deficient

- 4 -

performance unless the challenged conduct was 'so outrageous that no competent attorney would have engaged in it.'" *Menefield*, 363 S.W.3d at 593 (quoting *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005)). Often on direct appeal, because the record is silent on counsel's reason, the defendant asks the appellate court to "speculate as to the reasons why trial counsel acted as he did," but the court is required to "presume that [counsel's] actions were taken as part of a strategic plan for representing the client." *Rodriguez v. State*, 336 S.W.3d 294, 302 (Tex. App.—San Antonio 2010, pet. ref'd). Here, however, the record specifically provides defense counsel's reasons for asking the question.

## D. Analysis

### 1. Testimony in Question

On the tenth day of testimony, after the State rested its case in chief, Garcia took the witness stand. Garcia articulated his version of the events that evening. Garcia denied firing the weapon that killed Morales. He further explained that he was actually attempting to stop Lozano "from doing something stupid."

| | |
|---|---|
| Defense: | At the time that you were in the office talking with the detective, all right, did you believe that you'd some day end up on the stand being tried for murder? |
| State: | Objection, Your Honor, relevance. |
| Defense: | State of mind, Your Honor, at the time. Demeanor they placed him. |
| Trial Court: | Ask your question again. |
| Defense: | At the time that you were placed in custody in — with Detective Angell, all right, did you ever believe that you would be on trial for murder? |
| Trial Court: | It's sustained. |
| Defense: | Did you have anything to hide that night when you were talking to the detective? |

Here, trial counsel clearly articulated that he did not anticipate or believe that his questions might open the door to the State's propounding questions pertaining to Garcia's possession of cocaine. *But see Garcia v. State*, 308 S.W.3d 62, 67–68 (Tex. App.—San Antonio 2009, no pet.) (concluding trial counsel's *multiple* blanket questions opened the door to extraneous bad acts and his *repeated failure* to object to admission of extraneous offenses deprived defendant of a fair trial). Even acknowledging that "a single egregious error of omission or commission" can constitute ineffective assistance, the allegations of ineffectiveness must be "firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Thompson*, 9 S.W.3d at 813 (citing *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996)). We, therefore, look to trial counsel's representation throughout the trial.

Trial counsel conducted two days of pre-trial motions, two days of voir dire, fourteen days of testimony during the guilt/innocence portion of the trial, and two days of punishment testimony. During the guilt/innocence phase of the trial, trial counsel cross-examined twenty-two State's witnesses and presented ten defense witnesses. There were a plethora of objections lodged by defense counsel preventing damaging testimony from being heard by the jury. Additionally, sixty-one defense exhibits were admitted by the trial court. Defense counsel presented impassioned closing arguments in both the guilt/innocence and the punishment phases of the trial.

Garcia contends this trial turned on *his* credibility; yet, the record demonstrates *several* witnesses identified Garcia (the individual in the yellowish-colored shirt) as obtaining the weapon from the vehicle, placing the weapon in his waistband, and firing the weapon at Morales. Moreover, although Garcia's "jovial" disposition is mentioned during closing arguments, the State was comparing his appearance shortly after the shooting to his somber appearance in court. Neither party mentioned possession of cocaine or any other narcotics during closing arguments. Importantly, although the trial court ruled that defense counsel's question opened the door to

-7-

*1.    Trial Court's Finding of Indigence*

The Texas Code of Criminal Procedure provides that a criminal defendant "without means to employ counsel of my own choosing," may petition the court to appoint counsel to represent him at the county's expense. TEX. CODE CRIM. PROC. ANN. art. 26.04(o) (providing oath of indigence language); *id.* art. 26.05(f) (requiring counties to pay indigents' costs and attorney's fees).

In *Dieken*, 432 S.W.3d at 447, this court analyzed the inherent conflict in article 26.04's mandate with that of article 26.05(g). We concluded that "[a]rticle 26.05(g) authorizes a court to determine that a defendant is able to pay a portion of the costs of his legal services but is unable to pay the balance." *Id.* (citing TEX. CODE CRIM. PROC. ANN. art. 26.05(g) ("If the court determines that a defendant has financial resources that enable him to *offset in part* or in whole *the costs of the legal services provided,* including any expenses and costs, *the court shall order the defendant to pay* during the pendency of the charges or, if convicted, as court costs *the amount that it finds the defendant is able to pay.*")). We must, therefore, determine whether the trial court's conclusion that Garcia was able to pay for part, but not all, of the legal services he received was reasonable.

*2.    Relevant Evidence*

Although the record does not contain any documents determining Garcia's indigency, Garcia was clearly represented by appointed counsel during his trial. The trial court further approved payment of an investigator for the defense. From these documents, we presume Garcia "'remain[ed] indigent . . . unless a material change in [Garcia's] financial circumstances occur[red].'" *Id.* at 448 (second, fourth alterations in original) (quoting TEX. CODE CRIM. PROC. ANN. art. 26.04(p)); *see also Wiley*, 410 S.W.3d at 317; *Mayer*, 309 S.W.3d at 557.

As the State points out, on January 13, 2009, the trial court signed a Special Condition of Release on Bond, setting Garcia's bond at $100,000.00 and ordering full-house arrest and

electronic-monitoring as conditions of bond. On October 28, 2011, the bond was apparently increased to $200,000.00. Although it appears Garcia was able to post bond, the clerk's record does not contain any actual documentation of Garcia's bond.

On May 31, 2012, defense counsel filed a Motion to Modify Conditions of Bond requesting Garcia's electronic monitoring be modified to accommodate his work schedule at a local restaurant. On November 20, 2013, defense counsel's motion to withdraw indicating that Garcia "remains indigent and cannot afford to hire an attorney to represent him [on] appeal" was granted and, the trial court appointed an assistant public defender to represent Garcia on appeal.

### 3.    *Sufficient Evidence*

To impose the attorney's fees on Garcia, the trial court had to find, either expressly or implicitly, that a material change occurred and Garcia had the ability to pay $3,110.00 in court costs and attorney's fees. *See* TEX. CODE CRIM. PROC. ANN. art. 26.05(g); *Wiley*, 410 S.W.3d at 317; *Mayer*, 309 S.W.3d at 556. The record does not contain either an express written or oral finding supporting the same. Additionally, the record does not contain a bill of costs outlining a portion for which the trial court reasonably determined Garcia could pay.

Because the record shows Garcia had court-appointed counsel at trial and on appeal, and does not include either an express or implicit finding of a material change in Garcia's ability to pay the attorney's fees, we modify the judgment to delete the assessment of attorney's fees. *See* *Wiley*, 410 S.W.3d at 317; *Mayer*, 309 S.W.3d at 556.

### CONCLUSION

Having overruled Garcia's ineffective assistance claim, we affirm the trial court's judgment as modified.

Patricia O. Alvarez, Justice

DO NOT PUBLISH

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAY 29 2015

Abel Acosta, Clerk



# Fourth Court of Appeals
## San Antonio, Texas

## JUDGMENT

No. 04-13-00818-CR

Mark Anthony **GARCIA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 437th Judicial District Court, Bexar County, Texas
Trial Court No. 2009CR2731A
Honorable Lori I. Valenzuela, Judge Presiding

BEFORE JUSTICE MARTINEZ, JUSTICE ALVAREZ, AND JUSTICE CHAPA

In accordance with this court's opinion of this date, we MODIFY the trial court's judgment to delete the assessment of attorney's fees and AFFIRM the trial court's judgment as MODIFIED.

SIGNED May 6, 2015.

_____
Patricia O. Alvarez, Justice